————o————

No. 4592.

Court of Appeal, Parish of Orleans.

SUCCESSION OF GEORGE LANDRY.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

C. J. Theard, J. J. McLoughlin and J. G. Robin, for Succession.

A. Voorhies, for Appellant.

DUFOUR, J. In 1903, one George Landry died, leaving a will, by the terms of which he constituted one Angeline Yele his universal legatee and executrix.

A contest of the will by his collateral heirs on the ground that the legatee was the concubine of the deceased resulted in a decision in their favor and a declaration that such heirs were entitled to be put into possession. 114 La. 829.

The district judge thereupon gave judgment sending the heirs into possession, Miss Yele's attorney was paid the one-tenth portion accorded her by law, and they took possession of the rest of the estate, partitioned the property by licitation and referred the matter for distribution to a notary public.

Miss Yele appealed and the Supreme Court reversed the judgment and ordered the notary not to make "distribution of the funds in his hands until the further order of the court, and it is further ordered that the final account filed by Angeline Yele, executrix, be reinstated for further proceedings according to law. 117 La. 193.

The account referred to was one filed by the executrix when the notary was about to distribute the fund.

—114—

Upon the return of the case the District Court reinstated the account for trial, and in an appeal from the judgment thereon, the Supreme Court in restoring an item of $81.38 to the passive side of the account, said:

"We are, however, of opinion, in view of the admission of counsel, that all the other items placed in the account save those representing the individual claims of the executrix, were paid long ago under an agreement between the heirs and Miss Yele that she should be allowed the credit in question."

The present appeal is from a judgment rendered subsequently on another account in which the executrix claims $1,889.84, as due her personally.

Considering the decree in 120 La. we are unable to see how the executrix has reached the conclusion that she is entitled to the amount mentioned.

All the claims except her individual ones were passed upon by the Supreme Court, and we are inclined to adopt as correct without exception the following statement in defendant's brief:

"That all matters in this succession have been settled as between the parties, with the exception of the claim against Angeline Yele by the heirs for the deduction of $2J8.40 and $248.95, allowed by the final judgment herein, and the contra claim against the heirs for the following: Attorney for the executrix, as per final judgment, $150; to be accounted for by executrix for costs allowed by the final judgment, $100; claim of Angeline Yele for services and money loaned, reduced by final account to $640, which amount summed up shows a total due to the said Angeline Yele, under final judgment, of $890, against which the heirs claim the two deductions, above amount in toto to $457.35, leaving /due to Angeline Yele the difference between $890 and $457.35, or $432.65.

"And in answer to this rule the heirs say that upon her receiving the said amount from the fund in the hands of Bussiere Rouen, Notary Public herein, she is entitled to her discharge, and the said heirs entitled to receive all the rest of the money."

The two items deducted are for rents collected by her and for money paid to her former attorney whose settlement she

repudiated; she has the right to look to the heirs for that amount, the sum of $248.95.

The allowance of counsel fees, $50, must stand, there being no answer to the appeal.

The judgment is amended by increasing the amount awarded to the executrix from the sum of four hundred and eighty two dollars and 65 cents ($482.65), to the sum of seven hundred and thirty one dollars, 60 cents ($731.60), and, as amended the judgment is affirmed, appellee to pay costs of appeal.

January 11, 1909.

## ON REHEARING.

Where the error suggested in an application for rehearing is not one of law, but merely a clerical one, it may be corrected by amendment of the decree, without granting a rehearing.

Rehearing refused, judgment amended.

DUFOUR, J. The heirs of George Landry, in their application, "submit that all questions relative to the $248.95 have been set at rest and settled by the Supreme Court in the 120 La., R. 790, wherein the Supreme Court found as a fact that of this $248.95, $167.30 had been applied by Angeline Yele's counsel to the payment of a debt due by her, and that, consequently, he holds only the $81.65 belonging to her."

In our opinion we stated that we must be governed by the opinion and decree in that case. At page 796 the Supreme Court states the account thus:

Check to Charles J. Theard .................... $248.95
Deduct costs paid for Miss Yele in suit against her.. 167.30
Leaving balance in favor of Miss Yele ............ 81.65

Our insertion of the amount of $248.95 instead of $81.65 was not an error of law, but merely a clerical error, which we may correct without granting a rehearing, which is therefore refused.

It is therefore ordered that our previous decree be so amended as to read as follows:

The judgment is amended by increasing the amount awarded to the executrix from the sum of four hundred and eighty-two dollars, sixty-five cents ($482.65), to the sum of five

hundred and sixty-four dollars and 30 cents ($564.30), and, as amended, the judgment is affirmed, appellee to pay costs of appeal.

January 25, 1909.